IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin P. Petersen,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>The Boeing Company, a Delaware corporation, et al.,<br><br>　　　　　Defendants. | No. CV-10-00999-PHX-ROS<br><br>**ORDER** |

For the following reasons, the case will be dismissed based on the forum selection clause.

**BACKGROUND**

As set forth in the Complaint (Doc. 1), the relevant facts are as follows. Plaintiff is a retired United States Navy Commander who served as a naval aviator and has extensive experience piloting Lockheed C-130 Hercules transport aircraft. In 2008, Defendants posted a job opening for pilots who could train the Saudi Air Force as part of a contract Defendants had with the Saudi government. Plaintiff saw the job posting on The Boeing Company's website and responded. He was recruited by Defendants and submitted documents to Defendants. The Boeing Company provided Plaintiff an Offer Letter and Subsidiary Employee Acknowledgment (the "Acknowledgment").

On November 20, 2008, Plaintiff signed the Offer Letter and Acknowledgment. (Doc. 14, at Ex. A) and returned it to Defendants. The Offer Letter states, "the terms and

1  conditions of your employment shall be governed by the laws and customs of the Kingdom
2  of Saudi Arabia." The Offer Letter also states, "[t]his document is a Letter of Offer with the
3  employment agreement being signed upon arrival in the Kingdom of Saudi Arabia." The
4  Acknowledgment states, "I have been provided a copy of the employment agreement and
5  addendums, as applicable, and acknowledge that I will be required to sign these documents
6  upon arrival in the Kingdom of Saudi Arabia."

On January 22, 2009, Plaintiff arrived in Saudi Arabia. On January 23, 2009, Plaintiff signed the Employment Agreement. (Id., at Ex. B). The Employment Agreement contains the following forum selection clause in Addendum A: "The Laws of the Kingdom of Saudi Arabia shall govern this Agreement. The Labor Courts of Saudi Arabia shall have **sole jurisdiction over any disputes arising out of this Agreement**." (Emphasis added). The Employment Agreement has an integration clause that states it constitutes the entire agreement of the parties and supersedes any prior and contemporaneous agreements. The Employment Agreement also states: "The terms of this Agreement have been executed and delivered and shall be interpreted, construed and enforced in accordance with the laws of the Kingdom of Saudi Arabia"; and "[a]ny discrepancies that may arise in connection with the interpretation and performance of this Agreement shall be submitted to the Ministry of Labor or the local Saudi Arabian labor courts, as appropriate."

According to the Complaint, upon checking in with his employer to receive his housing assignment, Defendants' housing coordinator confiscated Plaintiff's passport and refused to return it despite his demands. Defendants did not cooperate to obtain a Iqama[1] for Plaintiff. Without these documents, Plaintiff could not purchase items beyond bare necessities, obtain a car or driver's license, open a bank account or obtain insurance. Plaintiff's travel was restricted to Defendants' site, making Plaintiff a "virtual prisoner."

The housing conditions were poor, and Plaintiff developed an upper respiratory illness

---

[1] The Complaint describes an Iqama as a passport-like document for travel within Saudi Arabia.

- 2 -

because of the poor living conditions. Plaintiff met other employees who stated the whole operation was "fraudulent," and designed to keep employees in Saudi Arabia for 90 days until Defendants received payment from the Saudi government for the contract work. Plaintiff attempted to resign in March 2009, but his resignation was not accepted. Plaintiff suffered a torn Achilles tendon. Plaintiff sought to return to the United States for treatment but was denied his passport and told his health insurance was not valid. Plaintiff underwent a "botched" surgery in Saudi Arabia. Plaintiff eventually recovered his passport with help from the U.S. Consulate and returned to the United States.

From these allegations, Plaintiff filed a Complaint consisting of claims against Defendants jointly and severally for (1) confiscation of passport in violation of 18 U.S.C. § 1592(a); (2) RICO violations; (3) false imprisonment; (4) breach of contract; (5) common law fraud; (6) intentional infliction of severe emotional distress; and (7) failure to pay wages under A.R.S. § 23-350. Defendant The Boeing Company filed a motion to dismiss under Rule 12(b)(6). Defendant Boeing International Support Systems ("BISS") filed a motion to dismiss under sections 2, 3, 5 and 6 of Rule 12(b).

## ANALYSIS

### I.     Motion to Dismiss Standard

The Court will treat Defendant BISS's forum selection clause argument as a Rule 12(b)(3) motion to dismiss for improper venue. *Arguenta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). "Under the Supreme Court's standard for resolving motions to dismiss based on a forum selection clause, the pleadings are not accepted as true, as would be required under a Rule 12(b)(6) analysis." *Id.* However, here, the relevant facts are all contained within the well-pleaded Complaint. Because the Complaint expressly relies on the Offer Letter, Acknowledgment and Employment Agreement, the Court may consider these documents part of the well-pleaded Complaint. *E.g., Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

## II.     Forum Selection Clause

Federal law governs the validity of the forum selection clause. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir.1988). Forum selection clauses are presumptively valid "and are enforceable absent a strong showing by the party opposing the clause that enforcement would be unreasonable or unjust . . . ." *Manetti-Farrow*, 858 F.2d at 514 (internal quotation omitted); *see also Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1991) (forum selection clauses are presumptively valid and will be enforced unless the party challenging the clause can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching).

In *Spradlin*, a California resident worked in Saudi Arabia for a U.S. corporation and sued his former employer for breach of contract, slander, emotional distress, fraud and age discrimination. *Id.* at 866. The employment agreement had a forum selection clause requiring disputes arising out of the agreement to be litigated in Saudi Arabia and governed by Saudi law. *Id.* at 868-69. As here, the employment agreement was performed in Saudi Arabia. *Id.* The Ninth Circuit affirmed the district court's decision to enforce the forum selection clause. *Id.* The Ninth Circuit stated, "[a]lthough we are troubled by [the employer's] standard inclusion of a Saudi Arabian forum selection clause in employment contracts when it is highly foreseeable that terminated American employees will be required to return to the United States and will thus face considerable obstacles in bringing wrongful termination actions, we cannot find that the district court abused its discretion in enforcing the forum selection clause based on the scant and conclusory information presented by [the employee]." *Id.* at 869 (footnote omitted). Similarly, the forum selection clause is enforceable against Plaintiff.

Plaintiff argues this is a contract of adhesion, and upon arriving in Saudi Arabia his employment was diverted from Riyadh to Jeddah and he was forced to sign a new employment agreement without the opportunity to review it. This is inconsistent with the Offer Letter, which states the position is in Jeddah, Saudi Arabia. The Offer Letter is dated

- 4 -

1 November 19, 2008, and Plaintiff signed it November 20, 2008. In the Acknowledgment, 2 Plaintiff also states he received a copy of the Employment Agreement he would be signing 3 upon his arrival in Saudi Arabia. As such, the well-pleaded Complaint does not show 4 Plaintiff had no time to review the contract.

5 Plaintiff has not demonstrated the forum selection clause is void because of fraud, 6 undue influence or overweening bargaining power. *Bremen*, 407 U.S. at 12. Plaintiff is a 7 retired United States Navy Commander, and was seeking an employment opportunity after 8 his retirement from the Navy and Southwest Airlines. There is no evidence his decision to 9 enter the contract was anything but voluntary. The contract terms are straight-forward, so 10 that the intent of the forum selection clause would be apparent to a layperson.

11 Plaintiff also has not demonstrated "the selected forum is so 'gravely difficult and 12 inconvenient' that [he] will 'for all practical purposes be deprived of [his] day in court.'" 13 *Arguenta,* 87 F.3d at 325 (affirming district court's dismissal of action under forum selection 14 clause) (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972)). The Employment 15 Agreement is international in scope, "and each party should have reasonably anticipated that 16 resolution of any disputes under the contract would not necessarily be in his or her own back 17 yard, absent a contractual provision requiring such." *Tisdale v. Shell Oil Co.*, 723 F.Supp. 18 653, 656 (M.D. Ala.1987). The parties entered into a contract contemplating the claimed 19 inconvenience, so "it is difficult to see why any such claim of inconvenience should be heard 20 to render the forum selection clause unenforceable." *Id.* In addition, Plaintiff has not 21 demonstrated enforcement of the forum selection clause would contravene a strong public 22 policy of the State of Arizona. Plaintiff's citation to case law regarding contracts presented 23 to medical patients on a take-it-or-leave-it basis to receive medical care are not analogous. 24 *Spradlin*, 926 F.2d at 867 (stating employment contract falls somewhere between a complex 25 commercial contract where each clause is individually negotiated and contract of adhesion 26 printed on the back of a ticket).

27 Other courts presented with foreign forum selection clauses in employment 28 agreements have reached the same conclusion. *E.g., Tisdale*, 723 F.Supp. at 654-57

1  (enforcing Saudi Arabian forum selection clause in employment agreement with Shell Oil);
2  *Pauly v. Biotronik, GmbH*, 738 F.Supp. 1332, 1334-35 (D. Or.1990) (enforcing arbitration
3  and forum selection clauses requiring disputes to be brought in France in employment
4  agreement between a German company and American employees); *Mikols v. U.S. Amada*
5  *Ltd.*, No. 84-C-2540, 1985 WL 1399 (E.D .Ill. May 20, 1985) (enforcing forum selection
6  clause in employment contract); *Gaskin v. Stumm Handel GmbH*, 390 F.Supp. 361, 366-70
7  (S.D.N.Y.1975) (enforcing forum selection clause West Germany as the forum); *see also*
8  *Farrington v. Centrust Mortgage Corp.*, No. 88-2633-WF, 1989 WL 120698 (D. Mass. Oct.
9  2, 1989) (holding the fact that employment contract was between an individual and a
10 corporation was not determinative of validity of forum selection clause and ordering
11 discovery regarding the plaintiff's capacity to litigate in the selected forum).

12       Accepting the allegations in Plaintiff's Complaint as true, both Defendants were
13 bound by the Employment Agreement.[2] Thus, both BISS and The Boeing Company will be
14 dismissed based on the forum selection clause. Because the case will be dismissed based on
15 the forum selection clause, the Court does not reach the merits of Defendants' remaining
16 arguments.

---

[2] *E.g.,* Doc. 1, at ¶ 38 ("TBC and BISS are jointly liable to Mr. Petersen for the following sums for breach of the employment contract . . . ."), ¶ 13 ("The terms of employment promised by TBC and BISS included . . ."), ¶¶ 7-10 (both Defendants contracted with Plaintiff); ¶ 21 ("TBC and BISS failed to pay Mr. Petersen . . . under the contract . . . ."), ¶ 26 ("failures of TBC and BISS to live up to the contract"), ¶ 33 ("TBC and BISS would not process Mr. Petersen's resignation"), ¶ 35 ("informing that TBC and BISS were in breach of contract"), ¶¶ 36-37 ("TBC and BISS" refused Plaintiff "the compensation he was entitled to" and "TBC and BISS have engaged in the same pattern of fraudulent and illegal conduct with other" individuals), ¶ 40 ("TBC and BISS" breached contractual promises; Plaintiff signed "the employment contract documents presented to him by TBC and BISS"); Doc. 1, at "Relief Requested" (alleging all counts against "TBC and BISS jointly and severally," including "Breach of Contract" and "Failure to Pay Wages").

1  Accordingly,

2  **IT IS ORDERED** the Motion to Dismiss of Boeing International Support Systems
3  Company, Saudi Arabia Limited **(Doc. 30)** is **GRANTED**.

4  **IT IS FURTHER ORDERED** Defendant The Boeing Company's Motion to Dismiss
5  **(Doc. 14)** is **DENIED AS MOOT.**

6  **IT IS FURTHER ORDERED** the case is dismissed.  The **Clerk of the Court** shall
7  **close** the case.

8  DATED this 8th day of March, 2011.

_____
Roslyn O. Silver
Chief United States District Judge